1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:13-cr-00250-JAD-VCF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ROBERT KANE, ROBERT COLEMAN | ) | |
| and THOMAS MCNAMARA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned on Defendants Robert Kane, Robert Coleman, and Thomas McNamara's Motion to Modify Conditions of Release (#110), filed July 1, 2014.  The motion is unopposed.

On June 25, 2013, the Grand Jury returned an Indictment charging Defendants Robert Kane, Robert Coleman, and Thomas McNamara with violating 28 U.S.C. § 1951, conspiracy to interfere with interstate commerce by extortion.  (#1).   These three defendants appeared on June 27, 2013 before the undersigned magistrate judge for their initial appearances and pled not guilty to the charges contained in the indictment.  (#22).  Each of these defendants was released pending trial pursuant to 18 U.S.C. § 3142(c)(1)(B) subject to several conditions, including that they "avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to Vagos Motorcycle Club ["VMC"] members [and] co-defendants[,] unless in the presence of counsel."

Subsequent to Defendants Kane, Coleman, and McNamara's initial appearances, co-defendants Steven Carr, William Congero, and Eric Panter were also arrested on the charges contained in the Indictment.  Defendant Carr made his initial appearance before United States

Magistrate Judge Peggy Leen on July 10, 2014. Defendant Congero appeared before Judge Leen on July 11, 2014. Both Carr and Congero were granted release pending trial subject to several conditions, including association restrictions. Congero was instructed to "avoid all contact directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants, unless in the presence of counsel." (#46). Carr was instructed "avoid all contact directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution . . . unless in the presence of counsel." (#44). Defendant Eric Panter made his initial appearance on August 23, 2014 before United States Magistrate Judge Cam Ferenbach, wherein he was released pending trial subject to conditions. Defendant Panter's conditions of release do not include an associational restriction.

Citing the general proposition set forth in Section 3142(c)(1)(B) that defendants should be released "subject to the least restrictive further conditions, or combination of conditions, that . . . will reasonably assure the appearance of the person . . . and the safety of any other person and the community," all defendants request that the association restrictions applicable to each be modified so as to be consistent with Defendant Carr's conditions. It is suggested that the "patchwork of different conditions" has led to nonsensical results, including that some defendants were able to attend the funeral of a member of the VMC, while others were not. It is further represented in the motion that the Government would not stipulate to the proposed modification unless all of the defendants were brought to the highest level of association prohibition.

As an initial matter, the undersigned notes that the motion is procedurally improper. The motion was filed on behalf of all defendants. However, not all of the conditions sought to be modified were entered by the same magistrate judge. Requests to modify conditions of release set pursuant to Section 3142 should be directed to the judge who entered the conditions. The undersigned will not make any determination as to whether the conditions of release entered by Judge Leen or Judge Ferenbach relating to Defendants Congero, Carr, and Panter should be modified. Counsel for these defendants may file a separate motion providing points and authorities for the relief they seek. *See* Special Order (#109). This order applies only to those defendants

2

whose conditions of release were entered by the undersigned.

The only rationale offered for the requested modification as to Defendants Kane, Coleman, and McNamara is the desire that all defendants have identical association restrictions. No legal rationale has been provided as to why the undersigned should modify the conditions of release as requested. It is not unusual for co-defendants in a criminal case to have different conditions of release. There is no basis provided to support the proposition that differing conditions of release among co-defendants is a legitimate ground to modify conditions. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Robert Kane, Robert Coleman, and Thomas McNamara's Motion to Modify Conditions of Release (#110) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Motion for Status Check (#114) is **denied as moot**.

DATED: September 10, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3